**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA

v.                                  No. 4:05CR00234 JLH

ELIZABETH FISKE

**OPINION AND ORDER**

Elizabeth Fiske was indicted for 63 counts of embezzling money from a labor organization in violation of 29 U.S.C. § 501(c) and one count of destroying records that a labor organization is required to keep in violation of 29 U.S.C. § 439(c).  The indictment alleged that Fiske was the bookkeeper for Council 38 of the American Federation of State, County and Municipal Employees and that Fiske, in her capacity as bookkeeper, committed the crimes alleged in the indictment.  Fiske now moves to dismiss the indictment for lack of federal jurisdiction.  She argues that jurisdiction is inappropriate because Council 38 "did not meet the definition of a labor organization 'engaged in an industry affecting commerce' as defined under 29 U.S.C. Section 402(j)."  She argues that there is "no evidence that Council 38 meets the criteria set forth by that statute."

Federal Rule of Criminal Procedure 12(b)(2) states, "A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue."  In her motion, Fiske essentially challenges the sufficiency of the evidence on the jurisdictional element for each of the offenses charged in the indictment.  A pretrial motion is not the proper place for the defendant to challenge the sufficiency of the Government's evidence.  *See United States v. Yakou*, 428 F.3d 241, 247 (D.C. Cir. 2005); *United States v. DeLaurentis*, 230 F.3d 659, 660 (3d Cir.

2000). "Federal Rule of Criminal Procedure 12(b)(2) authorizes dismissal of an indictment if its allegations do not suffice to charge an offense, but such dismissals may not be predicated upon the insufficiency of the evidence to prove the indictment's charges." *DeLaurentis*, 230 F.3d at 661. Because the government is entitled to marshal and present its evidence at trial, the proper vehicle for testing the sufficiency of the evidence is a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29. *Id*. At the pretrial stage, the indictment ordinarily should be tested solely by its sufficiency to charge an offense, regardless of the strength or weakness of the government's case. *United States v. Sampson*, 371 U.S. 75, 78-79, 83 S. Ct. 173, 174-75, 9 L. Ed. 2d 136 (1962).

"[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117, 94 S. Ct. 2887, 2907, 41 L. Ed. 2d 590 (1974). It is generally sufficient that an indictment set forth the offense in the words of the statute itself. *Id*. Here, the indictment sufficiently alleges the required jurisdictional element for each of the offenses charged. It alleges that "Council 38 of the American Federation of State, County and Municipal Employees (AFSCME) was made up of 10 AFSCME local unions located throughout the State of Arkansas in a labor organization engaged in industry affecting commerce." It also alleges that "Council 38 included Local Union 966 which had had a collective bargaining agreement with Waste Management of Pine Bluff, a private sector employer for many years." Such allegations meet the statutory requirement of a labor organization "engaged in an industry affecting commerce." 29 U.S.C. § 402(i); *see also id*. § 402(j)(1) ("A labor organization shall be deemed to be engaged in an industry affecting commerce if it . . . is the certified representative of employees under the provisions of the

National Labor Relations Act . . . ."); *cf. United States v. Kunzman*, 54 F.3d 1522, 1526 (10th Cir. 1995). Fiske will have an opportunity to challenge the Government's proof regarding the jurisdictional element of the offenses charged at the close of the government's evidence at trial. *See* FED R. CRIM. P. 29. Fiske's motion is therefore DENIED.

IT IS SO ORDERED this 18th day of September, 2006.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE